# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON, JR., | Case No.: 2:19-cv-00348-APG-VCF |
| Plaintiff | **Order Resolving Pending Motions** |
| v. | [ECF Nos. 4, 5, 13, 23, 25, 26, 34, 35, 36, 37, 40, 41, 42] |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants | |

Pro se plaintiff Ervin Middleton, Jr., initiated a miscellaneous proceeding against Wells Fargo Bank N.A.; Best Service Company, Inc.; and Rausch, Strum, Israel, Enerson, and Hornik LLP (RSIEH) to collect on an alleged foreign judgment entered against them. RSIEH moved to strike the registration of foreign judgment, and Wells Fargo moved to dismiss what it interpreted to be a civil complaint against it. Since then, Middleton has filed many motions, including ones to strike various responses from the defendants, for sanctions against opposing counsel, and requesting me to recuse from the case. The parties are familiar with the facts, so I do not recite them here except where necessary.

I grant RSIEH's motion to strike and Wells Fargo's motion to dismiss, and grant Middleton leave to file an amended complaint if facts exist to support cognizable claims against the defendants. Because the original complaint is dismissed, I deny as moot Middleton's motions for judgment on the pleadings and to strike the defendants' responses to that motion. Because Middleton raises no valid grounds to strike RSIEH's motion to strike or Wells Fargo's motion to dismiss, I deny those motions. Similarly, Middleton raises no valid grounds for my recusal or for sanctions against opposing counsel, so I deny those motions as well. Finally, I

deny Middleton's request for a registration statement because the statutes upon which he bases his request do not apply.

**I.  ANALYSIS**

    **A.  RSIEH's Motion to Strike and Wells Fargo's Motion to Dismiss**

Middleton initiated this case by filing a "Registration of Foreign Judgment," but that document contained no information about the case or proceeding giving rise to the alleged judgment.[1] He provides no case number or name of the issuing court and makes no mention of what the claims in that proceeding were. Instead, Middleton seems to assert that a notarized document is an administrative judgment and requests enforcement. But the documents that Middleton presents are not judgments. They appear to allege that he is owed some debt from the defendants.[2] I will liberally construe Middleton's Registration of Foreign Judgment as an attempt to file a complaint in a civil action. As such, this document does not comply with Federal Rules of Civil Procedure 2, 3, or 8. While it does contain a statement of jurisdiction and requests relief, it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] The document does not allege facts giving rise to a claim against any of the named defendants, nor does it put the defendants on notice as to what Middleton's claims against them is.

I therefore grant RSIEH's motion to strike and Wells Fargo's motion to dismiss and dismiss the Registration of Foreign Judgment without prejudice. Because Middleton may be able to assert claims against the defendants, I grant him leave to file an amended complaint. The

---

[1] *See* ECF No. 1-1.
[2] *Id.* at 16–30.
[3] Fed. R. Civ. P. 8(a).

amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

Middleton is advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[4] When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant.[5] Middleton must specifically identify each defendant and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim." Thus, the amended complaint should not include lengthy repetitions of statutes, rules, and filings in other cases.

Because the complaint is dismissed without prejudice and with leave to amend, I deny as moot Middleton's motion for judgment on the pleadings and his motions to strike RSI's and Wells Fargo's responses to that motion.

**B.   Middleton's Motions to Strike the Defendants' Motions**

After the defendants filed their motions, Middleton moved to strike them, arguing that the motions were improper because a verified complaint requires a verified answer.[6] But he cites no authority in support of this assertion, and there is no such requirement. Federal Rule of Civil

---

[4] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[5] *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).

[6] ECF Nos. 10, 13. While ECF No. 10 was docketed as a response to RSI's motion to strike, its content is nearly identical to ECF No. 13, which is a motion to strike Wells Fargo's motion to dismiss. So, I address ECF No. 10 as a motion to strike RSI's motion.

3

Procedure 12 allows defendants to file motions instead of an answer in response to a complaint and contains no requirement that defendants file a verified answer to a verified complaint. I therefore deny Middleton's motions to strike those motion.

**C.    Recusal**

After I denied Middleton's motion for entry of default against Best Service,[7] Middleton moved for my recusal, arguing that I showed prejudice against him by denying his motion without a hearing.[8]  A month later, he filed a demand for status on his recusal motion.[9]  Recusal in federal court is governed by 28 U.S.C. § 455. Subsection 455(b) provides a list of circumstances in which a judge is required to recuse, including when "he has a personal bias or prejudice concerning a party . . . ."  Subsection 455(a) requires recusal when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[10]  "The reasonable person is not someone who is hypersensitive or unduly suspicious."[11]  Prior "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible."[12]  Even "judicial remarks . . . that are critical or disapproving of . . . the parties, or their cases, ordinarily do not support a bias or partiality challenge."[13]

---

[7] ECF No. 17.
[8] ECF No. 25.
[9] ECF No. 42.
[10] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).
[11] *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotations omitted).
[12] *Likety v. U.S.*, 510 U.S. 540, 555 (1994).
[13] *Id.*

There is no basis for my recusal here. My prior order does not reflect any deep-seated bias against Middleton or his case, and I have none. The order merely applied the Federal Rule of Civil Procedure regarding service of complaints and made no comment on Middleton or the merits of his case. While Middleton may take issue with my ruling, disagreement is not grounds for recusal. I therefore deny Middleton's motion for recusal.

**D.    Sanctions**

Middleton also moves for sanctions against RSIEH's attorney, Kali Fox Miller, and Wells Fargo's attorney, Jennifer Lustig McBee.[14]  Both motions argue that the attorneys refused to provide proof that they are authorized to represent their clients or that they have licenses to practice law in Nevada. He claims that by failing to do so, the attorneys have tacitly admitted they are unauthorized to represent their clients and are therefore perpetrating a fraud on the court by filing papers in this case. But Middleton presents no case law showing he is entitled to such proof nor evidence to support his claims that Miller and McBee are not licensed to practice law or authorized to represent their clients.

Federal Rule of Civil Procedure 11 authorizes sanctions where a litigant perpetrates a fraud on the court.[15]  Federal judges also have inherent power to sanction litigation abuses.[16]  Middleton insists that Miller and McBee have perpetrated a fraud on the court, but nothing in the record shows that to be the case.[17]  Middleton's suspicions about the attorneys' licenses to

---

[14] ECF Nos. 34, 36. Middleton has filed identical second motions for sanctions against the same attorneys. ECF Nos. 40, 41.

[15] *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

[16] *Chambers v. NASCO*, 501 U.S. 32, 45 (1991).

[17] Middleton cites extensive case law standing for the proposition that uncontested affidavits should be accepted as true, which he argues means that his motions for sanctions—styled as affidavits—should be treated as fact. However, Middleton alleges no personal knowledge of the alleged violations contained in his affidavits. His conclusory allegations therefore cannot be

5

practice law and their authority on behalf of their clients are not evidence. There are no valid grounds to sanction these attorneys and I deny Middleton's motions.

### E. Request for Registration Statement

Middleton has also filed a demand letter requesting me to send him a copy of my "'Registration Statement' pursuant to the Foreign Agents Registration Act of 1938" and my "Anti-Bribery statement as required by the Foreign Corrupt Practices Act of 1977."[18] He contends that these documents are issued under 15 U.S.C. §§ 78dd-1 et seq. The cited statutes govern foreign trade practices by securities issuers. I am not a securities issuer, so these statutes are inapplicable. I therefore deny Middleton's motion.

## II. CONCLUSION

IT IS ORDERED that RSIEH's motion to strike **[ECF No. 4]** and Wells Fargo's motion to dismiss **[ECF No. 5] are GRANTED**. The "Registration of Foreign Judgment" **[ECF No. 1] is DISMISSED without prejudice.**

IT IS FURTHER ORDERED that on or before August 26, 2019, Middleton may file an amended complaint that complies with Federal Rule of Civil Procedure 8. If he does not file an amended complaint by that date, this case will be closed.

IT IS FURTHER ORDERED that Middleton's motion for judgment on the pleadings and motions to strike the defendants' responses **[ECF Nos. 26, 35, 37] are DENIED as moot.**

IT IS FURTHER ORDERED that Middleton's motions for sanctions, motions to strike, and request for registration statement **[ECF Nos. 13, 23, 34, 36, 40, 41] are DENIED.**

---

accepted as fact. *See State of Cal., Dept. of Educ. v. Bennett*, 843 F.3d 333, 338 (9th Cir. 1988) (uncorroborated and conclusory affidavit not based on personal knowledge was properly deemed insufficient).

[18] ECF No. 23.

IT IS FURTHER ORDERED that Middleton's motion for recusal **[ECF No. 25] is DENIED** and his motion for status on his motion for recusal **[ECF No. 42] is DENIED as moot**.

DATED this 26th day of July, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE